**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Robert Edward LASKY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 2007.
Filed Oct. 2, 2007.

John J. Warring, Scranton, for appellant.

Lisa A. Gillick, Asst. Dist. Atty., Scranton, for Com., appellee.

BEFORE: LALLY–GREEN, DANIELS and TAMILIA, JJ.

OPINION BY DANIELS, J.:

¶ 1 Appellant, Robert Edward Lasky, appeals from the PCRA court's order of November 30, 2006, dismissing Appellant's petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–46, as untimely. Also before this Court is present PCRA counsel's March 27, 2007 Petition to Withdraw as Counsel. We deny counsel's Petition to Withdraw and remand for the following reasons.

¶ 2 We previously recited the facts and procedural history of this case when it came before us on direct appeal *nunc pro tunc* in *Commonwealth v. Lasky*, No. 1227 MDA 2005, 905 A.2d 1045 (Pa.Super. June 6, 2006). That appeal came before this Court following Appellant's conviction of several sexual offenses against a minor in 2001; he was later sentenced, on July 12, 2002, to a term of imprisonment of ten and a half to thirty-one years. A timely direct appeal followed. The trial court ordered the filing of a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), but Appellant's counsel failed to respond.[1] Nevertheless, the direct appeal process continued, and by per curiam order dated October 18, 2002, this Court dismissed Appellant's appeal of the judgment of sentence because of Appellant's failure to file a docketing statement as is required by Pa.R.A.P. 3517.[2] *Commonwealth v. Lasky*, No. 1350 MDA 2002 (Pa.Super.2002).

¶ 3 In connection with the collateral PCRA proceedings, the court below appointed two separate PCRA counsel to assist Appellant in the matter, first on January 16, 2003, and again on May 7, 2003,

1. The Supreme Court of Pennsylvania has indicated that the failure to file a 1925(b) Concise Statement in support of an appeal is "the functional equivalent of having no counsel at all." *See Commonwealth v. Bennett*, —— Pa. ——, 930 A.2d 1264, 1273 (2007), *vacating* 842 A.2d 953 (Pa.Super.2004) (En Banc).

2. Pa.R.A.P. 3517 provides:

Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

respectively. However, as the court below ultimately determined, neither one of these court appointed counsel ever filed a petition for post conviction relief on Appellant's behalf. (N.T. Evidentiary Hearing, 11/22/06, pp. 4, 6). Indeed, there is nothing in the record indicating that either one of the prior PCRA counsel took any action whatsoever on behalf of Appellant.

¶ 4 The court below then appointed present PCRA counsel to assist Appellant in seeking post conviction relief on March 9, 2005. On May 23, 2005, Appellant's present PCRA counsel filed a petition seeking post conviction relief and, on that same date, the court below granted the requested relief—leave to file a direct appeal *nunc pro tunc*. When that *nunc pro tunc* direct appeal came before this Court, we remanded for a determination of whether or not Appellant had sought post conviction relief in a timely manner. As we said at that time:

> In the instant case, the certified record contains only an "amended" PCRA petition dated May 23, 2005. If this is, in fact, the **only** PCRA petition, it is facially untimely. Moreover, the "amended" petition does not attempt to establish an exception to the time-bar.

> It is possible, however, that the certified record is simply missing the original PCRA petition. Nothing in the record indicates whether, or when, such a petition may have been filed. Thus, we remand this case for further proceedings to determine whether Appellant: (1) filed a facially-timely petition, or (2) established an exception to the time-bar. If so, then the [lower] court may rein-

state Appellant's direct appeal rights *nunc pro tunc*. If not, then the [lower] court is directed to vacate its order dated May 23, 2005, and deny PCRA relief. The [lower] court may hold an evidentiary hearing if necessary.

*Commonwealth v. Lasky*, No. 1227 MDA 2005, Slip Op., p. 3, 905 A.2d 1045 (Pa.Super. June 6, 2006).

¶ 5 Upon that remand, the court below held an evidentiary hearing on November 22, 2006. Following that hearing, the court below concluded that the petition filed on May 23, 2005 was, in fact, Appellant's first PCRA petition. (N.T. Evidentiary Hearing, 11/22/06, pp. 4, 6). Given this finding, and given the fact that Appellant's first PCRA petition did not urge that any of the statutory exceptions applied (which would have excused his filing delay), on November 30, 2006 the court below vacated its May 23, 2005 order and dismissed Appellant's May 23, 2005 petition for post conviction relief as untimely filed. This timely appeal followed. On March 27, 2007, Appellant's current PCRA counsel petitioned this Court for leave to withdraw.

¶ 6 Although present PCRA counsel's Petition to Withdraw meets the procedural requirements established by both the Supreme Court of Pennsylvania in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and by this Court in *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006)[3] (updating *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988)), the recent decision of the Supreme Court of Pennsylvania in *Commonwealth v. Bennett*, —— Pa. ——, 930 A.2d 1264

---

**3.** This Court has typically accepted averments of petitioning counsel, seeking to withdraw, that counsel has fulfilled the notification requirements articulated in *Friend, supra,* so long as the record contains nothing indicating notification was defective or absent. Nevertheless, we strongly urge counsel seeking

leave to withdraw hereafter to closely adhere to the notification requirements of *Friend,* and to include, in all future petitions to withdraw, counsel's actual statement to the prisoner regarding the prisoner's ongoing rights to proceed if petitioning counsel is given leave to withdraw.

(2007), requires this Court to remand this case for the filing of an advocate's brief by present PCRA counsel, and for the conduct of an evidentiary hearing by the lower court in order to determine (1) when certain procedural facts became known to Appellant, (2) whether the exercise of due diligence on Appellant's part would have revealed these facts to Appellant sooner and, ultimately, (3) whether Appellant now has a viable claim that one of the exceptions articulated at 42 Pa.C.S.A. § 9545, i.e. (b)(1)(ii), to the one year time limit for filing a PCRA petition, as clarified in *Bennett*, applies to Appellant's case.

¶ 7 Present PCRA counsel has specifically identified this Court's decision in *Commonwealth v. Bennett*, 842 A.2d 953 (Pa.Super.2004) (En Banc), as the reason that no meritorious issues can be raised on behalf of Appellant in this appeal, despite the fact that Appellant's loss of his direct appeal rights seems to have been occasioned by the inattention and the glaring omissions of one or both of Appellant's former PCRA counsel. But our decision in *Bennett* has now been vacated by the Supreme Court of Pennsylvania. *See Bennett, supra*, 930 A.2d 1264 (2007). Conse-quently, in vacating our decision in *Bennett*, the Supreme Court of Pennsylvania has made it abundantly clear that there is a significant distinction, in the context of timeliness, between counsel's taking action that is ultimately unsuccessful and counsel's taking no action whatsoever [4].

¶ 8 Thus, this case must be remanded to the lower court so that an evidentiary hearing may be held in order to determine whether or not the present Appellant was abandoned (in the words of Chief Justice Cappy in *Bennett* ) by either one or both of his prior court-appointed PCRA counsel in their failure to timely file any PCRA petitions on Appellant's behalf.

¶ 9 Order dismissing Petition for PCRA relief is vacated.

¶ 10 PCRA counsel's Petition to Withdraw denied. Remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 11 LALLY–GREEN, J. CONCURS IN THE RESULT.

---

4. Thus, this case must be remanded to the lower court for an evidentiary hearing in order to determine whether or not the present Appellant was abandoned (in the words of Chief Justice Cappy in *Bennett* ) by either one or both of his prior court appointed PCRA counsel because of their failure to file a timely petition for post-conviction relief on Appellant's behalf.

In *Bennett*, Chief Justice Cappy, writing for the majority of the Court explained:

In this case, Appellant alleges that his counsel abandoned him by failing to file an appellate brief. The record establishes that Appellant filed a *pro se* statement under Pa.R.A.P. 1925(b) indicating a desire to appeal. It was then that counsel was appointed, but failed to file anything with the Superior Court. Accordingly, we hold that Appellant has made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief and that Appellant's relief under subsection (b)(1)(ii) is not controlled by the *Gamboa–Taylor* line of case law.

Thus, as discussed previously, Appellant has made sufficient allegations to invoke subsection (b)(1)(ii). Appellant alleges that he did not receive the review to which he was entitled through no fault of his own. On appeal, Appellant was assigned counsel who could not raise the ineffectiveness claims he wanted to pursue. Such an infirmity was compounded when counsel abandoned Appellant by failing to file an appellate brief in flagrant violation of Pa. R.Crim.P. 904(F)(2). In such an instance, Appellant must be given the opportunity to seek the review to which he or she was entitled. (Citations and Footnotes Omitted).