J-S60012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANTO BORRERO-BEJERANO | |
| Appellant | No. 451 MDA 2014 |

Appeal from the PCRA Order February 11, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003523-2009

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                              **FILED APRIL 14, 2015**

Santo Borrero-Bejerano appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, dated February 11, 2014, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA"),[1] without a hearing.  Borrero-Bejerano was sentenced to an aggregate term of 100 to 200 months' imprisonment imposed on July 8, 2011, following a jury trial in which he was convicted of one count of delivery of cocaine and one count of possession with intent to deliver cocaine.[2]  On appeal, he raises ten issues concerning PCRA and appellate

_____

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  35 P.S. § 780-113(a)(30).

court error, as well as ineffective assistance of counsel. Based on the following, we dismiss the appeal.

The facts underlying Borrero-Bejerano's convictions are well known to the parties, and have been fully discussed in our decision filed in connection with the direct appeal. *See Commonwealth v. Borrero-Bejerano*, 46 A.3d 830 [1255 MDA 2011] (Pa. Super. 2012) (unpublished memorandum at 1-2). Therefore, we need only state that Borrero-Bejerano's convictions arose out of a drug transaction on June 19, 2009, in which he sold cocaine to a confidential informant.

The PCRA court set forth the procedural history as follows:

On May 17, 2011, a jury found [Borrero-Bejerano] guilty of one count of delivery of cocaine and one count of possession with intent to deliver cocaine. On July 8, 2011, [Borrero-Bejerano] was sentenced to an aggregate of 100 to 200 months['] imprisonment. The Pennsylvania Superior Court affirmed the judgment of sentence on February 28, 2012.

[Borrero-Bejerano] filed a *pro se* PCRA petition on April 17, 2012. Counsel was appointed, who filed a motion to withdraw on July 23, 2012. Because counsel did not address every issue [Borrero-Bejerano] raised in his *pro se* petition, the motion to withdraw was denied without prejudice on December 31, 2012. Counsel then filed a "Motion for Court Order Pursuant to 18 Pa.C.S.A. § 5742" to obtain [Borrero-Bejerano]'s phone records in preparation for filing an Amended PCRA Petition, which was granted on March 20, 2013.

On April 30, 2013, counsel filed an Amended PCRA Petition, which was denied without prejudice because it was not accompanied with evidence that he contemporaneously served [Borrero-Bejerano] with a copy of the petition, no-merit letter, and a statement advising that if the trial court granted the petition to withdraw, the defendant had the right to proceed *pro se* or with privately retained counsel. See Commonwealth v.

Friend, 896 A.2d 607, 614 (Pa. Super. 2006); Commonwealth v. Lasky, 934 A.2d 120 (Pa. Super. 2007). Before the Amended PCRA Petition was denied without prejudice, however, the Commonwealth filed an Answer.

Counsel then filed a Second Amended PCRA Petition on September 23, 2013, which was granted in part by Order dated November 26, 2013. [Borrero-Bejerano] was given eight days of time credit, and the remaining claims were to be dismissed by the Court [pursuant to Pa.R.Crim.P. 907]. [The court also granted counsel's right to withdraw.] By Order dated February 11, 2013, this Court denied [Borrero-Bejerano]'s remaining claims.

PCRA Court Opinion, April 14, 2014, at 1-2 (footnote omitted). This appeal followed.[3]

Borrero-Bejerano raises ten questions for our review:

Whether the PCRA court abuse[d] it's [sic] discretion by not finding that the trial attorney who would not put forth the entrapment defense is ineffective.

Whether the PCRA court abuse[d] it's [sic] discretion by finding that the trial attorney is not ineffective by not filing [a] Rule 600 [motion] when ask[ed] to.

Whether the PCRA court abuse[d] it's [sic] discretion by not finding that the trial attorney is ineffective by not filing a suppress[ion] motion or otherwise quash the search warrant.

Whether the PCRA/Trial court erred by allowing the trial attorney to continue with the trial after [Borrero-Bejerano] told the court that the trial attorney refusing [sic] to put forth the entrapment defense.

---

[3] On March 12, 2014, the PCRA court ordered Borrero-Bejerano to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Borrero-Bejerano filed a concise statement on March 27, 2014. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 14, 2014.

Whether the PCRA court abuse[d] it's [sic] discretion or erred by prohibiting [Borrero-Bejerano] to file his own direct appeal and keep the ineffective trial attorney who would not properly question the Affiant having a search warrant for a totally different address.

Not [sic] the PCRA court abused it's [sic] discretion by not finding that the trial attorney is ineffective by refusing to file the trial court [o]rder.

Not [sic] the PCRA court abuse[d] it's [sic] discretion and erred by not finding the trial attorney ineffective by not objecting to the [C]ommonwealth trying to use [Borrero-Bejerano's] over 20-Year record to predispose [Borrero-Bejerano] during trial.

Whet[h]er the [S]uperior [C]ourt erred by allowing the trial attorney to withdraw during the direct appeal since there is no such thing as no merit issue during direct appeal and further where it was [a] suppressible issue that the trial attorney did not supres[s].

Not [sic] the PCRA court abused it's [sic] discretion and erred by accepting the appoint[ed] PCRA attorney to withdraw when the PCRA appoint[ed] attorney should h[a]ve been looking for additional issues such as the error of the [S]uperior [C]ourt allowing the trial attorney to withdraw from the direct appeal when there was suppressible issue[s] that the trial attorney never suppress[ed].

Not [sic] the PCRA court abused it's [sic] discretion and erred by after the trial court bec[a]me [aware] of the violation of the United State[s] Constitution and the Pennsylvania Constitution and the PCRA court still would not act on the violations of the Constitution when the PCRA court is obliged to act on.

Borrero-Bejerano's Brief at 2-3.

Our standard and scope of review for the denial of a PCRA petition is well-settled:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and

- 4 -

reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1018-19 (Pa. Super. 2014) (citation omitted).

Preliminarily, we observe that Borrero-Bejerano's *pro se* brief fails to comply with the applicable Pennsylvania Rules of Appellate Procedure, insofar as it does not comport with Pa.R.A.P. 2119(a). Rule 2119(a) provides:

> (a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). ***See*** Borrero-Bejerano's Brief at 31-46. Likewise, Borrero-Bejerano's brief fails to conform with the requirements of Pa.R.A.P. 2119(c), regarding reference to the record.[4]

_____

[4] Rule 2119(c) provides:

> (c) Reference to record. If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (see Rule 2132) (references in briefs to the record).

Pa.R.A.P. 2119(c). We note Borrero-Bejerano does point to exhibits that he has attached to his appellate brief but he fails to make reference to the certified record.

Furthermore, our review of the brief reveals that because there is no division of issues, it appears Borrero-Bejerano has abandoned some of his arguments, *i.e.*, his claim that this Court erred in permitting trial counsel to withdraw on direct appeal. This problem is exacerbated by the fact that Borrero-Bejerano's brief is rambling, disjointed, and often indecipherable.[5] Borrero-Bejerano largely focuses on his ineffective assistance of counsel claims. However, he fails to develop his discussion regarding the three

---

[5] For example, as quoted directly from his brief, Borrero-Bejerano states, in support of one of his ineffectiveness claims, the following:

> The reason why the Affiant made the carefully statement of the possibility that the Affiant possibly had met with the informant Gary Cort,z on previous occasion was because when the appoint trial attorney Grella had came to visit [Borrero-Bejerano] to tell [him] that she is not filing the motion to suppress the evidence or quash the [s]earch warrant since the trial attorney Wendy J.F. Grella wasn't going to do the entrapment defence [Borrero-Bejerano] told the trial attorney Grella how possibly she would not suppress the evidence or quash the search warrant if trooper Scott Fidler had in all document that trooper Fidler had meet with the confidential informant on June 19/2009 when [Borrero-Bejerano] went to pick up the 13,000 dollars to get the drug at [Borrero-Bejerano]'s house.

Borrero-Bejerano's Brief at 18-19.

prongs of the ineffective test,[6] as his arguments are mainly bald assertions with insufficient evidentiary support.[7]

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted). As such, we cannot serve as Borrero-Bejerano's counsel and litigate his claims for him.

Because Borrero-Bejerano's brief is substantially defective and fails to conform to the requirements of the Rules of Appellate Procedure, we are unable to conduct a meaningful review of the issues; therefore, we are compelled to dismiss this appeal.[8]

Appeal dismissed with prejudice. Jurisdiction relinquished.

_____

[6] ***See Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008).

[7] ***See Commonwealth v. Hernandez***, 39 A.3d 406, 412 (Pa. Super. 2012) (failure to develop argument with citation to and analysis of relevant authority waives issue on appeal); Pa.R.A.P. 2119(b).

[8] Although we find Borrero-Bejerano's brief to be largely incomprehensible, to the extent that it addressed Borrero-Bejerano's claims, the PCRA court opinion appears to adequately discuss and properly dispose of those issues. ***See*** PCRA Court Opinion, 4/14/2014, 2-5. Based upon that opinion, we conclude that even if Borrero-Bejerano had properly preserved his issues for our review, his current appeal would be without merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015