J. S67031/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND CHARLES WHITE, | : | |
| | : | |
| Appellant | : | No. 655 WDA 2014 |

Appeal from the PCRA Order February 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0013548-2000

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:  **FILED MAY 12, 2015**

Appellant, Raymond Charles White, appeals *pro se* from order of the
Allegheny County Court of Common Pleas dismissing his second Post
Conviction Relief Act[1] (PCRA) petition as untimely filed.   This Panel
previously remanded the matter twice to determine the status of appointed
counsel.   ***Commonwealth v. White***, 655 WDA 2014 (unpublished
memorandum) (Pa. Super. Mar. 5, 2015); ***Commonwealth v. White***, 655
WDA 2014 (unpublished memorandum) (Pa. Super. Jan. 7, 2015).   The

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

PCRA court conducted a ***Grazier***[2] hearing at which Appellant elected to proceed *pro se* based on the briefs he previously submitted to this Court.[3] This matter is now properly before us, and we affirm.

We previously outlined the extended procedural history giving rise to this appeal from the dismissal of Appellant's second PCRA petition from the August 2004 conviction for third-degree murder and conspiracy. ***White***, 655 WDA 2014, at 2-6 (Pa. Super. Jan. 7, 2015). We reiterate that following his conviction, Appellant unsuccessfully appealed to this Court, ***see Commonwealth v. White***, 2072 WDA 2002 (unpublished memorandum) (Pa. Super. Aug. 24, 2004), but did not file a petition for allowance of appeal. Appellant then filed an untimely first PCRA, the dismissal of which was affirmed by the Court. ***See Commonwealth v. White***, 1881 WDA 2007 (unpublished memorandum) (Pa. Super. June 2, 2008). Appellant's petition for allowance of appeal was denied. The instant petition was received by the PCRA court on October 27, 2008, and dismissed by the order of February 24, 2014.[4]

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[3] ***See*** N.T., 3/18/15, at 10.

[4] As discussed in ***White***, 655 WDA 2014 , at 2-6 (Pa. Super. Jan. 7, 2015), the PCRA court initially dismissed Appellant's second and third PCRA petitions. This Court, in a previous appeal from the dismissal of Appellant's third PCRA petition, remanded for the reinstatement of Appellant's second PCRA petition. ***See Commonwealth v. White***, 910 WDA 2012 (unpublished memorandum) (Pa. Super. Jan. 28, 2013).

Appellant, in his *pro se* brief, contends his second PCRA petition fell within the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii) and he is entitled to an evidentiary hearing on his claim of abandonment by direct appeal counsel. He asserts he was abandoned when his then-privately retained direct appeal counsel refused to file a requested PAA with the Pennsylvania Supreme Court. He does not dispute that the underlying judgment of sentence became final on September 23, 2004. He avers, however, he only knew a PAA in his direct appeal was not filed as of December 11, 2005, when he received a court docket. He further outlines the following chronology. First, he filed his **first** PCRA petition in January 2006, within sixty days of his alleged discovery of direct appeal counsel's abandonment. Second, the Pennsylvania Supreme Court decided ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), on August 23, 2007, after the PCRA court dismissed his first petition as untimely and while his appeal from that order was pending. Third, he filed the instant **second** petition in October 2008, within sixty days of the conclusion of his appeal from the dismissal of his first PCRA petition. ***See generally Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (holding second PCRA petition may be considered timely filed if it is filed within sixty days of order which finally resolves previous PCRA petition). Appellant asserts his second PCRA petition must be deemed timely under the principles set forth

in **Bennett** and this Court's decision in **Commonwealth v. Smith**, 35 A.3d 766 (Pa. Super. 2011). We disagree.

When reviewing an order dismissing a PCRA petition, we consider "whether the determination of the PCRA court is supported by evidence of record and is free of legal error." **Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa. Super. 2012). We reiterate,

> Our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." It is well settled that "[a]ny and all  PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies." "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.[ ] § 9545(b)(3).

> The exceptions to the PCRA's timing requirements are set forth in 42 Pa.C.S.[ ] § 9545, as follows:

> **(b) Time for filing petition.—**

>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

>> \* \* \*

>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

\* \* \*

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.[ ] § 9545(b)(1) and (2).

\* \* \*

. . . The plain language of section 9545(b)(1)(ii) and section 9545(b)(2) creates a three-part test: 1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition for relief was filed within 60 days of the date that the claim could have been presented. . . . In our view, the third inquiry must involve a bifurcated analysis. If the claim does not involve a new theory or method of obtaining relief on collateral review, a petition must be filed within sixty days of discovering the fact exercising due diligence. If the claim does involve a new theory or method of obtaining relief on collateral review, a petition must have been filed within sixty days of discovering the factual predicate for the claim exercising due diligence. In addition, the denial of such claim on the basis of untimeliness must then have been appealed to our Supreme Court, and the petition seeking relief under section 9545(b)(1)(ii) must have been filed within sixty days of the new theory or method of obtaining relief being recognized.

*Smith*, 35 A.3d at 768-69, 711 (some citations omitted).

In *Commonwealth v. Huddleston*, 55 A.3d 1217 (Pa. Super. 2013),

this Court summarized the decisional law discussed in *Smith*:

In *Bennett*, *supra*, our Supreme Court found that attorney abandonment may constitute a factual basis for the section 9545(b)(1)(ii) timeliness exception. In that case, the appeal from the dismissal of Bennett's first, timely, PCRA petition was dismissed by this Court because counsel failed to file a brief. Bennett filed a second PCRA

petition alleging that he had attempted to find out the status of his PCRA appeal, did not learn that it was dismissed due to counsel's failure to file a brief until he received a letter from this Court explaining what had transpired, and filed a new PCRA petition within 60 days of so learning. The PCRA court granted Bennett leave to appeal the dismissal of his first PCRA petition *nunc pro tunc*, but this Court quashed the appeal as untimely. Our Supreme Court reversed this Court, holding that Bennett sufficiently alleged that he had been abandoned by counsel on his first PCRA petition and acted with due diligence in ascertaining the fact of the abandonment to satisfy the timeliness exception of the PCRA found at section 9545(b)(1)(ii).

In **Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011), Watts's direct appeal was dismissed in 2002 because counsel failed to file a docketing statement. Within 60 days of learning of the dismissal in August 2003, Watts filed a PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court dismissed the petition as untimely, and this Court affirmed in August 2005, noting that Watts did not exercise due diligence in determining the status of his appeal. Watts did not seek review of our decision by our Supreme Court. In 2007, Watts filed a second PCRA petition, again alleging attorney abandonment, but claiming that his petition met the timeliness exception of section 9545(b)(1)(ii) because it was filed within 60 days of the **Bennett** decision. The PCRA court dismissed the petition as untimely, this Court reversed, and our Supreme Court reversed us, holding that the PCRA court properly dismissed Watts' second PCRA petition. The Court held that the **Bennett** decision was not a fact upon which Watts could rely in meeting the timeliness exception of section 9545(b)(1)(ii). **Id.** at 986. The factual predicate of Watts' claim was his counsel's abandonment, which Watts discovered in 2003, within the one-year PCRA deadline. As such, the abandonment could not serve to satisfy section 9545(b)(1)(ii) for a petition filed in 2007. **Id.**

This Court sought to explain the interplay of the **Bennett** and **Watts** decisions and the language of section 9545(b) in **Commonwealth v. Smith**, 35 A.3d 766 (Pa.

Super. 2011). In that case, Smith's first, timely, PCRA petition was dismissed in 2001 after counsel did not file a brief on appeal. Less than two weeks after the appeal was dismissed, Smith filed a second PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*, which the PCRA court granted. This Court quashed the *nunc pro tunc* appeal in 2005, determining that Smith's second PCRA petition was untimely, and the Pennsylvania Supreme Court denied allowance of appeal. In 2007, within 60 days of the filing of the **Bennett** decision, Smith filed a third PCRA petition, claiming that the petition was timely because **Bennett** afforded him a new method for obtaining collateral review. The PCRA court dismissed the petition as untimely. This Court reversed, holding that because Smith, unlike Watts, had attempted to "become Bennett" by seeking allowance of appeal from our Supreme Court, yet had his diligent efforts to avail himself of the opportunities of the PCRA thwarted by counsel's initial abandonment, he was now entitled to have the merits of his PCRA petition addressed by a court. Although the factual predicate of Smith's claims for purposes of section 9545(b)(1)(ii) was the dismissal of his first PCRA petition in 2001 due to counsel's abandonment, the subsequent change in law that occurred in 2007 with the **Bennett** decision afforded Smith his first opportunity to present his claim pursuant to section 9545(b)(2). Therefore, this Court held that Smith's third PCRA petition satisfied the section 9545(b)(1)(ii) timeliness exception because it was filed within 60 days of the **Bennett** decision, *i.e.*, within 60 days of the date that the claim could have been presented.

**Huddleston**, 55 A.3d at 1220-21 (citations omitted).

Presently, as to Appellant's contention that he discovered direct appeal counsel's abandonment on December 11, 2005, this Court previously suggested such a claim would be disingenuous in the appeal from the dismissal of Appellant's first PCRA petition:

The key substantive claim raised in [Appellant]'s [first] *pro se* petition is that prior appellate counsel was

> ineffective for effectively "abandoning" him and failing to file a PAA with the Supreme Court after our Court affirmed his judgment of sentence. **However, [Appellant] acknowledges that he was notified by letter dated September 2, 2004 of [privately retained] counsel's intent not to file a PAA due to lack of funds**. (*See* Appellant's Brief at 10.) Thus, [Appellant] was clearly aware of this ineffectiveness claim as early as September 2004, but he did not file his [first] petition until January 2006. Regardless of whether he had access to his still unidentified "legal materials," [Appellant] could have filed a PCRA petition asserting counsel's ineffectiveness well before September 2005 when the one-year filing period was set to expire.

*White*, 1881 WDA 2007, at 4 (emphasis added).

Thus, we could consider this issue previously litigated. In any event, we discern no basis to reconsider our prior conclusion that Appellant's present claim was not timely presented in his **first** PCRA petition, let alone conclude that the underlying **second** PCRA petition was timely filed based on Appellant's claim of abandonment.[5]

As to Appellant's legal argument based on ***Bennett*** and ***Smith***, we initially note that those cases considered the abandonment of counsel with respect to PCRA appeals. Nevertheless, ***Bennett*** was decided seven days after the PCRA court dismissed Appellant's **first** PCRA petition. ***Bennett***

---

[5] Furthermore, even if we were to reconsider Appellant's factual allegations regarding when he discovered direct appeal counsel's abandonment, we would conclude that he was on notice that direct appeal counsel refused further representation on May 13, 2005. On that date, privately retained counsel sent a letter informing Appellant informing that the attempts to secure funding for the filing of a PAA failed. Thus, Appellant's reliance on December 11, 2005 as the date of discovery is meritless as he was on notice of counsel's inaction no later than May 13, 2005.

thus constituted the law under which this Court decided Appellant's appeal from the dismissal of his first petition and the Pennsylvania Supreme Court denied Appellant's PAA from our order. *Cf. **Commonwealth v. Montgomery***, 938 a2d 981 (Pa. 2007) (remanding, *per curiam*, decision of this Court for further consideration in light of **Bennett**); ***Commonwealth v. Lasky***, 934 A.2d 120, 123 (Pa. Super. 2007) (applying **Bennett** in appeal taken before **Bennett** was decided by Pennsylvania Supreme Court, but appeal remained pending when **Bennett** was decided). Therefore, Appellant, unlike Smith, had the benefit of **Bennett** being the law during his appeal from the dismissal of his first PCRA petition. In light of the foregoing, we discern no merit to Appellant's argument that **Bennett** and **Smith** control the alleged timeliness of his second petition. Rather, this case is closer to **Watts**, as Appellant seeks to rely on **Bennett** as a predicate "fact" giving rise to his claim for a time-bar exception under Section 9545(b)(1)(ii).

Having reviewed Appellant's *pro se* arguments, the record, and the legal principles relevant to this appeal, we conclude Appellant did not establish his right to relief under Section 9545(b)(1)(ii). Accordingly, as we discern no abuse of discretion or error of law in the PCRA court's dismissal of Appellant's second PCRA petition on timeliness grounds, we affirm.

Order affirmed.

J. S67031/14

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015