578 A.2d 1273

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William PROSDOCIMO, Appellee.**

Supreme Court of Pennsylvania.

Argued May 8, 1990.

Decided Aug. 17, 1990.

148

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Dara A. DeCourney, Scott A. Bradley, Dep. Dist. Attys., Pittsburgh, for appellant.

Vincent R. Baginski, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This appeal raises the issue of the propriety of the jury instructions on felony-murder and robbery at William Prosdocimo's trial.

Prosdocimo was one of several people tried for participation in the murder of Gary DeStefano on June 14, 1979. Prosdocimo and the victim, along with a number of other people, were engaged in transporting illegal drugs from Florida and selling them in western Pennsylvania. Prosdocimo and others conceived a plan whereby they would steal drugs brought into Pennsylvania by Gerald Walls and DeStefano; during the execution of the plan, DeStefano was shot in the face and killed by co-conspirator Robert Bricker. On May 22, 1985, Prosdocimo was convicted by a jury of second-degree murder, and was eventually sentenced to life imprisonment. On appeal, a divided panel of the Superior Court reversed the judgment of sentence and awarded Prosdocimo a new trial, holding that confusing and incorrect jury instructions on felony-murder and robbery prejudiced Prosdocimo and constituted reversible error.[1] *Commonwealth v. Prosdocimo*, 375 Pa.Super. 622, 541 A.2d 32 (1988). We allowed the appeal of the Commonwealth in order to review the jury charge and to determine whether the relief awarded by the Superior Court is necessary and proper.

The crux of the Superior Court holding is that the trial judge's instructions interchanged the legal definitions of

1. The Superior Court also held that there was sufficient evidence to support Prosdocimo's conviction, but, in view of its holding with regard to jury instructions and the award of a new trial, it declined to review five additional issues raised by Prosdocimo.

robbery and theft in such a way as to confuse the jury and permit the jury to convict Prosdocimo of felony-murder if he participated in a theft, whereas the law requires that felony-murder be predicated on one of several enumerated felonies, including robbery but excluding theft. The Commonwealth, as appellant, challenges this holding, claiming instead that the jury instructions were not incorrect or misleading, and that they were no more complicated than necessary in view of the complexity of the law of felony-murder.

When evaluating jury instructions, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. *Commonwealth v. Ohle*, 503 Pa. 566, 582, 470 A.2d 61, 70 (1983). The entire charge given by the trial court on felony-murder was as follows.

The first degree of homicide which you must consider is second degree murder, which is commonly referred to as felony murder. It is commonly called felony murder because it involves a killing incidental to another felony. You may find the Defendant guilty of second degree murder if you are satisfied that the following elements have been proven beyond a reasonable doubt: First, that Gary DeStefano is dead; second, that the Defendant or an accomplice of the Defendant killed him; third, that the killing was committed while the Defendant or an accomplice was engaged in the commission of the felony of robbery; fourth, that the act of the Defendant or his accomplice that killed Gary DeStefano was done in furtherance of the felony of robbery; and finally, that the killing was with malice on the part of the Defendant and/or his accomplice. Like all murders, second degree murder requires malice. But malice is presumed or may be inferred if a Defendant engaged or was an accomplice in the commission of a felony dangerous to human life, such as robbery. No other proof would be necessary

under the circumstances. For persons to be accomplices in committing or attempting to commit a felony, they must have a common design, in other words, a shared intent to commit that felony.

Now I will define the felony of robbery for you. In order to find that the Defendant was an accomplice or a party to, that is he shared a common intent in the commission of the crime of robbery, you must be satisfied that the following elements have been demonstrated: First, that the Defendant or his accomplice inflicted or threatened to inflict serious bodily harm to Gary DeStefano during the commission of a felony, and that felony would be theft. Secondly, that the Defendant did so in committing a theft, or that his accomplice did so in committing a theft. Now, serious bodily injury is injury which creates a substantial risk of death, or which causes serious permanent disfigurement or permanent loss or impairment of the function of any bodily member, and clearly death would meet the definition of serious bodily injury. For the purposes of the crime of robbery, a Defendant's act is in the course of committing a theft not only if it occurs in the actual commission of a theft, but if it occurs in an attempted theft. As I have indicated, in order to conclude that a robbery was contemplated here, you must be satisfied beyond a reasonable doubt that the Defendant or his accomplice committed a theft or attempted to commit a theft. A person commits a theft if he unlawfully takes movable property of another with the intent to permanently deprive him of that property. A person attempts to commit a theft when, with the intent to commit a theft, he does an act which constitutes a substantial step towards the commission of a theft.

To summarize, in order to find the Defendant guilty of second degree murder, you must be satisfied that the murder occurred during the course of a robbery, which would include an intent to permanently deprive somebody of property belonging to another, and that the Defendant

did, either directly or as an accomplice, in the commission of that offense.[2]

2. For purposes of comparison, we set forth below the felony-murder charge contained in the *Pennsylvania Suggested Standard Criminal Jury Instructions.*

(1) Second degree murder is often called felony murder because it involves a killing incidental to a felony. You may find the defendant guilty of second degree murder if you are satisfied that the following five elements have been proven beyond a reasonable doubt:

First, that _____ is dead:

Second, that (the defendant) (or) (an accomplice of the defendant) killed him;

Third, that the killing was committed while the defendant was (engaged) (or) (an accomplice) in (the commission of) (an attempt to commit) (flight after committing or attempting to commit) the felony of (robbery) (rape) (deviate sexual intercourse by force or threat of force) (arson) (burglary) (kidnapping);

Fourth, that the act of (the defendant) (or) (the defendant's accomplice) that killed _____ was done in furtherance of that felony; and

Fifth, that the killing was with malice on the part of the defendant. Like all murders, second degree murder requires malice but malice (is presumed) (may be inferred) if a defendant (engages) (or) (is an accomplice) in the commission or attempted commission of a felony dangerous to human life such as _____. No other proof of malice is necessary.

(2) For persons to be accomplices in committing or attempting to commit a felony they must have a common design, in other words, a shared intent, to commit that felony.

(3) (The felony of _____) (an attempt to commit _____) may be defined as follows:

In order to find the defendant guilty of this crime, you must find that each of the elements of the crime has been established beyond a reasonable doubt. There are two elements:

1. That the defendant inflicted (serious) bodily injury upon _____. (Serious bodily injury is bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.) (Bodily injury is the impairment of physical condition or substantial pain.)

2. That the defendant so acted in the course of committing a theft. An act is done in the course of committing a theft if it occurs while committing a theft, in an attempt to commit a theft, or in flight after committing or attempting to commit theft.

In order to find the defendant guilty of theft you must find that each of the elements of the crime has been established beyond a reasonable doubt. There are four elements:

1. That the defendant (took) (exercised control over)

_____

This charge reflects that felony-murder is committed during a felony such as robbery, which must be defined, and reflects that robbery includes theft, which must also be defined.

■ The Superior Court stated that the trial court "contradicted itself by confusing the terms of theft and robbery," and "apparently used the term 'theft' interchangeably with the term 'robbery' and it is unclear whether the jury was aware of the legal distinctions between these two terms." That court noted:

> The distinction becomes even more crucial when it is noted that [Prosdocimo's] defense consisted of showing that [Prosdocimo's] participation was limited to a plan of theft of an unoccupied car. [Prosdocimo] was prejudiced by the confusing jury charge because it diminished the jury's capacity to distinguish between the elements of theft and felony-murder.

This conclusion was drawn from the trial court's definition of robbery: "First, that the Defendant or his accomplice inflicted or threatened to inflict serious bodily harm to Gary DeStefano during the commission of a <u>felony, and that felony would be</u> theft."

2. That _____ was the movable property of another (or any interest therein), in this case the property of _____. "Movable property" is property the location of which can be changed (including things growing on, affixed to, or found in land) (including documents although the rights represented thereby have no physical location). ("Property of another" includes property in which any person other than the defendant has an interest which the defendant is not privileged to infringe (regardless of the fact that the defendant also has an interest in the property) (regardless of the fact that the property was used in an unlawful transaction or was subject to forfeiture as contraband).)

3. That the (taking) (exercise of control) was unlawful.

4. That the (taking) (exercise of control) was with intent to deprive _____ of his property. One acts with intent if it is his conscious object to cause a particular result. "Deprive" means to withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation, or to dispose of the property so as to make it unlikely that the owner will recover it.

*Pa.SSJI (Crim)* §§ 15.2502B, 15.3701A, and 15.3921A.

The quoted portion of the charge is not incorrect, nor is it confusing. The underscored words "felony, and that felony would be" are surplusage, but, with or without those excess words, the instruction is correct. The deletion of six words would have little, if any, impact on the entire five hundred fifty-word charge considered as a whole. The Superior Court apparently misread the charge as substituting theft for robbery as the underlying felony in the felony-murder statute, and stated that "we cannot conclude that the jury understood the distinction between robbery and theft." We reject this analysis, however. The trial court instructed the jury *four* times during its charge that the underlying felony was robbery and nowhere stated that the homicide might be felony-murder if it occurred during a theft rather than a robbery.

■ The peril in the approach of the Superior Court is in its failure to examine the charge in its entirety. It seems likely that the trial judge did not read his charge from a written script; it therefore failed to attain the standard of perfection we would strive for in preparing a hornbook text. Nevertheless, in speaking to the jury, the judge conveyed what the jurors needed to know. We will not rigidly inspect a jury charge, finding reversible error for every technical inaccuracy, but rather evaluate whether the charge sufficiently and accurately apprises a lay jury of the law it must consider in rendering its decision.

■ The Superior Court also held that "the length and complexity of the instructions coupled with the convoluted language in which the court phrased the charge rendered the charge confusing," in violation of our holding in *Commonwealth v. Cain*, 484 Pa. 240, 249, 398 A.2d 1359, 1363 (1979) (charge which is correct in the abstract but misleading because of the manner in which the ideas are couched may be reversible error). As the dissenting opinion below responded:

It is a fact of American jurisprudence that some legal concepts are convoluted and that some statutory definitions are lengthy and complex. To charge the jury in a

felony-murder committed during a robbery, it is necessary to define murder, including malice; robbery, the underlying felony; as well as theft and serious bodily injury, which are elements of the offense of robbery. Given the constraints of the statutory definitions, it is impossible to instruct a felony-murder jury in simple, lucid language. *See* 18 Pa.C.S. §§ 2502(b), 2502(d), 3701(a)(1)(i), 3921(a), and 2301.

(Hester, J., dissenting). We observe also that the jury charge closely tracked the language of the suggested standard jury instructions for the crimes of felony-murder, robbery, and theft. We therefore hold that the jury charge was accurate, adequate, and sufficiently clear to inform the jury of the law applicable to the case.

Accordingly, the order of the Superior Court is reversed. The judgment of sentence is reinstated. The case is remanded to the Superior Court for disposition of the remaining issues raised by Prosdocimo but not considered on direct appeal. Jurisdiction is relinquished.

Order reversed, and case remanded.