J-S19025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| YASHEAM WASHINGTON | |
| Appellant | No. 1062 MDA 2013 |

Appeal from the Judgment of Sentence May 16, 2013
In the Court of Common Pleas of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001515-2012

BEFORE:  PANELLA, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 26, 2014**

Appellant, Yasheam Washington, appeals from the judgment of sentence entered on May 16, 2013, following his jury trial conviction for possessing a weapon or implement for escape, 18 Pa.C.S.A. § 5122(a)(2). We affirm.

We summarize the facts and procedural history of this case as follows. Appellant is an inmate at the State Correctional Institute at Mahanoy.  On May 27, 2012, corrections officers were searching individual prison cells when they witnessed Appellant flush an unknown object down the toilet. Appellant was the only occupant in the cell at the time.  The officers observed an object, which looked like white cloth, in the bottom of the toilet bowl.  While officers went to obtain a tool to retrieve the item from the toilet, Appellant reentered his cell and flushed the toilet again.  Corrections

officers restrained Appellant. They then removed the toilet from the floor and recovered from the sewer line a metal rod approximately six inches long, with cloth wrapped around one end. The unwrapped end of the metal rod was sharpened to a point. Appellant admitted to the officers that the device belonged to him.

On June 13, 2012, the Commonwealth charged Appellant with possessing a weapon or implement for escape. A jury convicted Appellant of the crime on April 29, 2013. On May 16, 2013, the trial court sentenced Appellant to 21 to 42 months of imprisonment, consecutive to the six to 14 year sentence that he was serving at the time of the incident.

On May 29, 2013, Appellant filed a *pro se* motion to modify or reduce his sentence, despite being represented by counsel. The trial court, however, did not rule on the motion before Appellant filed a *pro se* notice of appeal to this Court on June 7, 2013. This Court entered an order on June 24, 2013, directing the trial court to conduct a hearing to determine whether Appellant wished to proceed *pro se* or have counsel appointed to represent him on direct appeal. The trial court held a hearing wherein Appellant requested appellate counsel. Trial counsel for Appellant was also present for the hearing. On July 16, 2013, the trial court entered an order permitting trial counsel to withdraw on the basis that one of Appellant's *pro se* appellate claims was that the trial court committed an error of law by encouraging Appellant to listen to his attorney and not take the stand in his

defense. The order also appointed the Public Defender's Office to represent Appellant on appeal to this Court.

On June 11, 2013, during the intervening period between the filing of Appellant's *pro se* notice of appeal and the order of this Court directing the trial court to conduct a hearing pursuant to **Grazier**,[1] the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied *pro se* on July 3, 2013. On July 30, 2013, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) based upon the issues raised in Appellant's *pro se* Rule 1925(b) statement. However, because the trial court accepted Appellant's *pro se* 1925(b) statement despite Appellant being represented by counsel, we were constrained to remand the matter to have the trial court direct appointed counsel to file a counseled Rule 1925(b) statement.

Appellant's counsel filed a supplemental and revised 1925(b) statement and the trial court reaffirmed its Rule 1925(a) opinion filed July 30, 2013. Appellant now appeals and raises the following issues:

> 1. Whether the trial court committed an error of law by refusing to allow the statements of certain witnesses to be in the possession of the jury during their deliberations.

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.).

2. Whether the trial court committed an error of law in encouraging Appellant not to testify at his trial.

3. Whether the trial court committed an error of law in its instruction to the jury regarding the crime of weapons or implements for escape, 18 Pa.C.S.A. §5122(a)(2).

Appellant's Brief at 4 (superfluous capitalization omitted).[2]

Further, we allowed Appellant to file a supplemental brief to this Court, wherein Appellant raises an additional issue for our review:

4. Whether there was sufficient evidence as a matter of law to convict [Appellant] of the crime of weapons or implements for escape, in that the Commonwealth could not prove that the weapon discovered in the plumbing system at SCI [Mahanoy] actually belonged to [Appellant?]

Appellant's Supplemental Brief, at 4 (superfluous capitalization omitted).

In his first issue presented, Appellant asserts that the trial court erred in refusing to permit the statements of witnesses to be in the jury's possession during their deliberations. Appellant failed to raise this issue in his counseled Rule 1925(b) statement and, thus, it is waived. *See* ***Commonwealth v. Miller***, 80 A.3d 806, 811 (Pa. Super. 2013) (claim not raised in Appellant's 1925(b) statement, but subsequently raised in the appellate brief, was waived).

To the extent Appellant's counseled concise statement could be deemed a supplemental submission that incorporated Appellant's *pro se*

_____

[2] We have re-numbered the issues for ease of disposition.

filing, we note that Appellant raised the issue in his *pro se* 1925(b) statement and the trial court addressed it in its July 30, 2013 Rule 1925(a) opinion. Appellant argued that the trial court erred by not sending five written defense documents, entered into evidence at trial, out with the jury during deliberations. Appellant's Brief at 8-9. The trial court relied upon Pa.R.Crim.P. 646 in rejecting Appellant's claim. Trial Court Opinion, 7/30/2013, at 6. "Upon retiring, the jury may take with it such exhibits as the trial judge deems proper[.]" Pa.R.Crim.P. 646(A). "Whether an exhibit should be allowed to go out with the jury during its deliberation is within the sound discretion of the trial judge." ***Commonwealth v. Barnett***, 50 A.3d 176, 194 (Pa. Super. 2012) (citations omitted). "The underlying reason for excluding certain items from the jury's deliberations is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury." ***Id.*** Here, the trial court determined that the five written statements submitted by the defense "were admitted into evidence for the record, but [were not] proper for deliberations." N.T., 4/9/2013, at 151. Upon further review of the record, the jury never requested the documents for review. Although Appellant waived the issue, we hold, in the alternative, that the trial court did not abuse its discretion and Appellant's first issue is otherwise without merit.

In his second issue presented for our review, Appellant contends that the trial court committed an error of law by discouraging him from testifying on his own behalf at trial. Appellant's Brief at 7-8. Appellant claims that

trial counsel advised him not to testify, but Appellant initially indicated that he wanted to testify. *Id.* at 7. Ultimately, however, he did not testify. *Id.* Appellant argues:

> After Appellant initially informed the [t]rial [c]ourt that he wished to testify, the [c]ourt referred to such a decision as "folly." Such encouragements by the [t]rial [c]ourt were an infringement on Appellant's right to make an informed decision regarding whether to testify. The remedy for this violation is to order a new trial, wherein Appellant would have the right to testify on his own behalf.

*Id.* at 7-8. Moreover, Appellant claims it was error for the trial court to tell Appellant that the jury would actually follow the court's no adverse inference instruction because "[t]he [t]rial [c]ourt failed to inform Appellant that the jury might also want to hear from him to see what his side of the story would be." *Id.* at 8.

"The right of an accused to testify on his own behalf is a fundamental tenet of American jurisprudence and is explicitly guaranteed by Article I, Section 9 of the Pennsylvania Constitution." *Commonwealth v. Baldwin*, 8 A.3d 901, 902-903 (Pa. Super. 2010) (citation omitted); *see also* U.S. Const. Amend. VI (guaranteeing the right of an accused to testify on his own behalf). In addressing the right to testify on one's own behalf, the United States Supreme Court has held:

> The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution. It is one of the rights that "are essential to due process of law in a fair adversary process." The necessary ingredients of the Fourteenth Amendment's guarantee that no one shall be

deprived of liberty without due process of law include a right to be heard and to offer testimony:

> A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel.

**Rock v. Arkansas**, 483 U.S. 44, 51 (1987). Additionally, we note that the decision to testify on one's own behalf is ultimately a decision to be made by the accused after consultation with counsel.

**Baldwin**, 8 A.3d at 903 (citation omitted).

Our review of the certified record, however, does not substantiate Appellant's claim. The record clearly shows that the trial court did not discourage Appellant in any way from testifying. The trial court said to Appellant that it was "up to [Appellant] to decide as to whether or not […] to testify." N.T., 4/9/2013, at 94. The trial court stated that to testify on his own behalf was against counsel's advice. **Id.** at 96. The trial court then asked Appellant if he understood that it was his own choice as to whether or not to testify, to which Appellant responded that he did, in fact, understand. **Id.** at 96. The trial court heard some defense testimony and asked Appellant, again, whether he wanted to testify. **Id.** at 102-103. At that time, Appellant stated that he still wished to testify, but then he ultimately did not take the witness stand. **Id.** at 103-104.

At all times, the trial court properly informed Appellant regarding his right to testify. Appellant consulted with counsel who recommended against

it. In the end, Appellant freely chose not to testify. Moreover, we discern no error by the trial court in telling Appellant that the jury would follow its no adverse inference instruction. The law presumes that the jury will follow the court's instructions. *See Commonwealth v. Arrington*, 86 A.3d 831, 853 (Pa. 2014). Thus, we find Appellant's second claim is without merit.

In his third issue, Appellant claims that the trial court improperly instructed the jury on the charge of weapons or implements for escape. Strictly construing the criminal statute, Appellant asserts, "the Commonwealth must prove that the weapon must be capable of being used for escape." Appellant's Brief at 9-10. He claims that "[t]he trial court disagreed, indicating that the Commonwealth need only prove that the shank was a weapon." *Id.* at 9. Thus, Appellant argues that the trial court's standard jury instruction was erroneous. *Id.*

"[O]ur standard of review when considering the denial of jury instructions is one of deference – an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Baker*, 24 A.3d 1006, 1002 (Pa. Super. 2011) (citations omitted). Further, this court has said:

> When evaluating jury instructions, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Prosdocimo*, 578 A.2d 1273, 1274 (Pa. 1990) (internal citations omitted). The law presumes that the jury will follow the court's instructions. *Arrington*, 86 A.3d at 853.

Appellant was charged with weapons or implements for escape pursuant to 18 Pa.C.S.A. §5122, which provides, in pertinent part:

**(a) Offenses defined.--**

\*          \*          \*

(2) An inmate commits a misdemeanor of the first degree if he unlawfully procures, makes or otherwise provides himself with, or unlawfully has in his possession or under his control, any weapon, tool, implement or other thing which may be used for escape.

**(b) Definitions.—**

\*          \*          \*

(2) As used in this section, the word "weapon" means any implement readily capable of lethal use and shall include any firearm, ammunition, knife, dagger, razor, other cutting or stabbing implement or club, including any item which has been modified or adopted so that it can be used as a firearm, ammunition, knife, dagger, razor, other cutting or stabbing implement, or club. The word "firearm" includes an unloaded firearm and the unassembled components of a firearm.

18 Pa.C.S.A. § 5122.

Penal statutes are always to be construed strictly. 1 Pa.C.S.A. § 1928(b)(1). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). "As a general rule, the best

indication of legislative intent is the plain language of a statute." ***Commonwealth v. Shiffler***, 879 A.2d 185, 189 (Pa. 2005) (citation omitted). In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.A. § 1903(a).

Here, the plain language of the statute clearly states that a weapon is "any implement readily capable of lethal use and shall include [...] any item which has been modified or adopted so that it can be used as a [...] cutting or stabbing implement." 18 Pa.C.S.A. § 5122(b)(2). "An inmate commits a misdemeanor of the first degree if he unlawfully [...] has in his possession or under his control, any weapon [...] which may be used for escape." 18 Pa.C.S.A. § 5122(a) (emphasis added).

Here, the trial court instructed the jury:

> Now, directing your attention to the specific charge, [Appellant] has been charged with being an inmate having a weapon or escape implement. To find [Appellant] guilty of this offense, you must find that each of the following three elements has been proven beyond a reasonable doubt:
>
> First, that [Appellant] was an inmate at a correctional institute. Well, that's a given. There's no dispute with regards to that. He is a prisoner or was a prisoner on that date at SCI Mahanoy in Schuylkill County. And that is a given.
>
> Second, that [Appellant] procured, made or provided to himself and/or had in his possession or under his control a weapon or a tool, implement or some other thing that may be used for escape. And third, that [Appellant] did so unlawfully. Unlawfully means surreptitiously or contrary to

- 10 -

law, regulation or order of the detaining authority; in this case, State Correctional Institution at Mahanoy.

Third, that [Appellant] did so unlawfully. It means surreptitiously or contrary to law or other detaining authority, which I just mentioned. So those are three factors: An inmate at a correctional institution; in this case, SCI Mahanoy. That's a given. Second that he had in his possession or procured or made a weapon and/or a tool or implement or other thing that may be used for escape. And third, that he did so unlawfully; it was against regulations of the SCI Mahanoy or contrary to law. And weapon includes any knife or similar implement[.]

N.T., 4/9/2013, at 138-139.

In this case, a six-inch metal rod sharpened to a point is certainly capable of lethal use, which, in turn, may have been used to escape. Upon review, the trial court gave a standard jury instruction properly setting forth the elements of the crime. We discern no abuse of discretion or error of law. Thus, Appellant's third claim fails.

Finally, Appellant argues that there was insufficient evidence to convict him of weapons or implements for escape. Appellant's Supplemental Brief at 8-10. More specifically, he claims that the plumbing underneath the prison connected to four separate cells and that "the occupants of any of those cells could have been responsible for the shank that was recovered in the plumbing trap." *Id.* at 10.

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there

is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa. Super. 2014) (citation omitted).

Here, Appellant only challenges his possession of the weapon found. Upon review of the record, in the light most favorable to the Commonwealth, there was sufficient evidence to show the weapon was in Appellant's possession. Corrections Officer Aaron Schultz, testified that, while looking through a cell window, he witnessed Appellant "jump out of his bed, grab something […] white [], like a cloth [and] run over to his toilet, throw it in the toilet and flush[] it." N.T., 4/9/2013, at 34. Appellant's cellmate remained on the top bunk the entire time. *Id.* at 35. After both men were removed from the cell, Officer Schultz "looked down into the toilet and [] could still see like a white roll, like a cloth." *Id.* at 37. Appellant, who was in the hallway outside the cell, came back into the cell without permission

and flushed the toilet a second time. *Id.* at 39. When the corrections officers had the toilet removed and extracted a metal wire with cloth wrapped around it from the plumbing, Appellant voluntarily claimed ownership. *Id.* at 50. Such evidence was sufficient to show Appellant was in possession of a weapon or implement for escape. Appellant's final issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014