J-S43005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH WILLIAMS | : | |
| | : | |
| Appellant | : | No. 836 MDA 2018 |

Appeal from the PCRA Order February 28, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000695-2008

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:   **FILED: SEPTEMBER 20, 2019**

Appellant, Joseph Williams, appeals from the order entered in the York County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court correctly set forth the relevant facts and some of the procedural history of this case.  Therefore, we have no need to restate them.  We add that this Court affirmed the judgment of sentence on June 10, 2011.  Appellant filed a timely petition for allowance of appeal with our Supreme Court.  While that petition was pending, on August 31, 2011, Appellant filed a *pro se* PCRA petition, which the court held in abeyance until Appellant's direct appeal resolved.  Our Supreme Court denied petition for allowance of appeal on July 16, 2012.  ***See Commonwealth v. Williams***, 31

_____

* Former Justice specially assigned to the Superior Court.

A.3d 741 (Pa.Super. 2011), *appeal denied*, 616 Pa. 646, 48 A.3d 1249 (2012).

Appellant filed a *pro se* PCRA petition on August 14, 2012. After several appointed attorneys had conflicts and could not represent Appellant, the PCRA court finally appointed counsel on December 1, 2016. On March 3, 2017, counsel filed an amended PCRA petition. The PCRA court held evidentiary hearings on June 28, 2017 and August 18, 2017, and denied relief on February 28, 2018.

On March 15, 2018, Appellant timely filed a *pro se* notice of appeal and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The clerk of courts docketed the notice of appeal and forwarded it to counsel, pursuant to Pa.R.Crim.P. 576(A)(4). On March 22, 2018, counsel filed a petition to withdraw and to have new counsel appointed. On April 12, 2018, the PCRA court held a hearing. During the hearing, counsel moved to reinstate Appellant's appeal rights *nunc pro tunc*, which the court granted. Appellant timely filed a counseled notice of appeal on Monday, May 14, 2018. On May 17, 2018, the PCRA court ordered Appellant to file a Rule 1925(b) statement. The PCRA court held a **Grazier**[1] hearing on May 30, 2018; at the conclusion of the hearing, Appellant chose to be represented by counsel, who filed a counseled Rule 1925(b) statement on Appellant's behalf.

Appellant's counsel did not file an appellate brief in this Court. On

---

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

- 2 -

January 18, 2019, this Court remanded the case, for the court to determine if counsel had abandoned Appellant, and retained jurisdiction. The PCRA court held a hearing on February 14, 2019, and determined that counsel had not abandoned Appellant; however, the PCRA court removed counsel at Appellant's request and appointed current counsel for this appeal. Appellate counsel filed a brief in this Court on May 13, 2019.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT [APPELLANT'S] REQUEST FOR PCRA RELIEF ON THE BASIS OF AFTER-DISCOVERED EVIDENCE[?]
>
> WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT [APPELLANT'S] REQUEST FOR PCRA RELIEF ON THE BASIS OF INEFFECTIVE ASSISTANCE OF [APPELLANT'S] PRIOR COUNSEL, WHERE COUNSEL: (I) FAILED TO OBJECT TO THE ABSENCE OF THE FINAL INSTRUCTION ON THE SINGLE COUNT OF ROBBERY, (II) FAILED TO INVESTIGATE CERTAIN WITNESSES, (III) FAILED TO REQUEST A JURY INSTRUCTION REGARDING THE DEMONSTRATIVE PURPOSE OF THE HANDGUN, AND (IV) FAILED TO REQUEST A JURY INSTRUCTION SEEKING SEPARATE CONSIDERATION OF THE EVIDENCE PRESENTED BY EACH DEFENDANT[?]

(Appellant's Brief at 4).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Id.* at 359, 956 A.2d at 983. A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). A PCRA petition filed during the pendency of a direct appeal is premature, and the court lacks jurisdiction to review it. *Commonwealth v. Seay*, 814 A.2d 1240, 1241 (Pa.Super. 2003) (reiterating PCRA cannot be invoked until judgment of sentence is final; petition filed during pendency of direct appeal does not constitute first PCRA petition). An appellant may choose to file a PCRA petition or a notice of appeal during the appeal period, but an appellant cannot do both. *Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa.Super. 2016).

Instantly, Appellant filed a *pro se* PCRA petition on August 31, 2011, while his petition for allowance of appeal was still pending before our Supreme Court. This petition was premature when filed, and the PCRA court should have dismissed it, instead of holding the petition in abeyance. *See Seay, supra*. After our Supreme Court denied Appellant's petition for allowance of appeal on July 16, 2012, Appellant filed a *pro se* PCRA petition on August 14, 2012, before his judgment of sentence became final on or about October 14, 2012, upon expiration of the time for filing a petition for *writ* of certiorari with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Because Appellant chose not to pursue further direct review, his August 14, 2012 *pro se* PCRA related forward to October 14, 2012, and was timely filed. Therefore, the PCRA court had no jurisdictional impediments to its review.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no similar deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. ***Id.***

"An appellate court must assess the jury instructions as a whole to determine whether they are fair and impartial." ***Commonwealth v. Collins***, 546 Pa. 616, 620, 687 A.2d 1112, 1113 (1996).

> The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.
>
> *       *       *
>
> We will not rigidly inspect a jury charge, finding reversible error for every technical inaccuracy, but rather evaluate whether the charge sufficiently and accurately apprises a lay

- 5 -

jury of the law it must consider in rendering its decision.

***Commonwealth v. Hannibal***, 562 Pa. 132, 139-140, 753 A.2d 1265, 1269

(2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2002, 149 L.Ed.2d 1004 (2001)

(quoting ***Commonwealth v. Prosdocimo***, 525 Pa. 147, 154, 578 A.2d 1273,

1276 (1990)).

> [T]o prevail on a claim of ineffectiveness for failing to call a witness, a [petitioner] must prove, in addition to meeting the three ***Pierce***[2] requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the [witness'] testimony was so prejudicial as to have denied him a fair trial.

***Commonwealth v. Wright***, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008).

> To demonstrate…prejudice, a petitioner must show how the uncalled [witness'] testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the [witness'] testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 616 Pa. 1, 23, 45 A.3d 1096, 1109 (2012)

(internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Michael E.

Bortner, we conclude Appellant's issues merit no relief. The PCRA court

---

[2] ***Commonwealth v. Pierce***, 515 Pa. 153, 157-61, 527 A.2d 975-77 (1987).

- 6 -

opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed February 28, 2018, at 5-13) (finding: **(1)** alleged after-discovered evidence is statement from trial witness Joshua Griffith to Eugene Rainey, which could have been obtained prior to trial; Mr. Griffith gave different accounts on whether he actually heard shooting; inculpatory evidence against Appellant was strong, and alleged new evidence showed Mr. Griffith was incredible; Appellant intended this evidence to impeach or undermine credibility of police witnesses; nature and character of alleged new evidence would not have changed verdict; **(2)** Appellant's claims of ineffective assistance of counsel either lack arguable merit or trial counsel demonstrated decisions were based on reasonable defense strategy; there is no reasonable probability that outcome of trial would have differed). The record supports the PCRA court's rationale. Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2019

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| v. | : | No. CP-67-CR-0000695-2008 |
| | : | |
| JOSEPH L. WILLIAMS, | : | |
| Defendant | : | |
| | : | |

COUNSEL OF RECORD:

Renee Franchi, Esquire                Thomas Kelley, Esquire
Counsel for the Commonwealth      Counsel for the Defendant

## OPINION IN SUPPORT OF ORDER

Defendant Joseph L. Williams filed a Motion under the Post-Conviction Relief Act

(PCRA) on August 14, 2012 and an amended PCRA on September 28, 2015. A hearing was

held over the course of 2 days on June 28, 2017 and August 18, 2017. Parties were allowed

to file briefs in support of their positions but chose not to. After consideration of all relevant

testimony, evidence, and case law, this Court has **DENIED** Defendant's PCRA Motion. For

the reasons cited *infra*, we now issue this Opinion in Support of that Order.

## Procedural Background

After a jury trial on that concluded on February 12, 2009, Defendant was found guilty

of one count of Third Degree Murder and one count of Robbery under 18 Pa.C.S.A. § 3701

(A)(1)(I). Defendant was sentenced on April 3, 2009 to serve 20-40 years imprisonment for

1

Third Degree Murder to run consecutive to a term of 10-20 years imprisonment for Robbery.

Defendant was represented at trial and the sentencing by Dennis Boyle, Esquire.

In his PCRA petition, Defendant raised 8 issues for the relief of a new trial:

1) Newly Discovered Evidence; and
2) Ineffective Assistance of Counsel for:
    a) failure to object to the absence of the Final Instruction on the single charge of Robbery,
    b) failure to object to sequester Commonwealth witnesses,
    c) failure to request a severance of co-defendants,
    d) failure to investigate witnesses,
    e) failure to request a Jury Instruction concerning the demonstrative purpose of firearm evidence,
    f) failure to request a Jury Instruction limiting the jury to consider each defendant's evidence separately, and
    g) failure to appeal Defendant's sufficiency of the evidence as to Robbery claim to the PA Supreme Court.

By joint stipulation, the parties agreed to dismiss 2 of the claims: failure to request a severance of co-defendants; and failure to appeal Defendant's sufficiency of the evidence as to Robbery claim to the PA Supreme Court.

## Factual Background

At trial, Joshua Griffith testified that Defendant threatened him to empty out his pockets. Transcript of Trial, 2/10/2009 at 150. Joshua Griffith testified that he had heard two shots before he left the scene in his car. Id. Joshua Griffith testified that he did not see who fired either shot and that he did not know if either shot hit anything. Id. at 163-164. Joshua Griffith also testified that he could see Defendant and co-Defendant, Anthony Herndon, fire

2

their guns. Id. at 169-171. Joshua Griffith testified that he lied to police when the police interviewed him. Id. at 166.

Sergeant Troy Bankert of the York City Police Department testified that there were no reports of any other building or car being shot or damaged by gunfire from the shooting. Transcript of Trial, 2/09/2009 at 140.

At the PCRA hearing, Defendant testified that he met another inmate, Eugene Rainey, while at SCI Albion in 2011. Transcript of PCRA Hearing, 06/28/2017 at 7. Defendant testified that Rainey informed Defendant that there was a car involved with Defendant's shooting. Id. Defendant testified that Rainey informed Defendant that the car was shot during the shooting but that the car was removed from the scene before police arrived. Id. Defendant testified that Rainey informed Defendant that the car was shot by co-Defendant. Id. at 8. Defendant testified that Rainey informed Defendant that the car was driven by Joshua Griffin. Id.

Defendant testified that this evidence further supported his theory of the case at trial that he was shooting at co-Defendant in self-defense. Id. at 9. Defendant testified that Rainey informed Defendant that he lived next door to Joshua Griffith at the time of the shooting and that the car moved after the shooting. Id. at 11.

Eugene Rainey testified that he lived at 32 North Franklin Street, York, PA at the time of the shooting. Id. at 19. Rainey testified that he saw Joshua Griffith drive the car into the alley by Rainey's residence. Id .at 20. Rainey testified Joshua Griffith said there had been

3

a shooting on Chestnut Street in York and that his car had been shot. Id. Rainey testified that he then saw the car and that the car had a circular hole in the windshield. Id. at 22. Rainey testified that he saw the car later that night and that there was tape over the hole. Id. at 23.

Attorney Dennis Boyle testified that he would have objected if he had seen any problem with the jury instructions. Transcript of PCRA Hearing, 08/18/2017 at 40. Attorney Boyle testified that he did not want to over-emphasis the robbery because he did not want "to get a second-degree murder conviction, which would have been the functional equivalent in this case to a first-degree murder conviction." Id.

Defendant testified that Attorney Boyle did not investigate Joseph Griffith, brother of Joshua Griffith. Id at. 8. Defendant testified that Attorney Boyle did subpoena Joseph, but that Joseph did not testify. Id.

Attorney Boyle testified that the Commonwealth provided him the criminal histories of the Commonwealth's witnesses and that those histories were brought out on trial. Id. at 41. Attorney Boyle testified that he believed that the criminal background of the Commonwealth's witnesses were obvious to the jury. Id. Attorney Boyle further testified that he had his investigator go interview potential witnesses and that the investigator was unable to find anyone willing to talk about the shooting. Id.

4

Attorney Boyle testified that he did not believe that there was anything prejudicial to Defendant about the Commonwealth using an expert witness to describe how a semi-automatic handgun functions. Id. at 45. Attorney Boyle further testified that the demonstrative purpose was made clear to the jury. Id.

Attorney Boyle testified that he did not believe that there was anything incorrect about the jury instructions in regards to considering the evidence between Defendant and co-Defendant. Id. at 43. Attorney Boyle testified that "this was not a co-conspirator case. They were mutually exclusively Defendants." Id. Attorney Boyle further testified that there was no confusion brought out by the instructions. Id.

The jury instructions presented to the jury after trial were separated by co-Defendant and Defendant. Trial Transcript, 2/12/2009 at 25, 28, 54.

## Discussion

I. *After-Discovered Evidence*

To be eligible for relief under the PCRA, the petitioner must prove by a preponderance of the evidence that the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). After-discovered evidence can be the basis for a new trial if it:

1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; 2) is not merely

5

corroborative or cumulative; 3) will not be used solely to impeach the credibility of a witness; and 4) is of such nature and character that a different verdict will likely result if a new trial is granted.

Commonwealth v. McCracken, 659 A.2d 541, 545 (Pa. 1995) (citations omitted).

Furthermore, "the proposed new evidence must be producible and admissible."

Commonwealth v. Smith, 540 A.2d 246, 263 (Pa. 1988).

The second of the four elements requires "that the alleged after-discovered evidence is not just corroborative or cumulative of the evidence already presented at trial." Commonwealth v. Padillas, 997 A.2d 356, 364 (Pa. Super. 2010). Whether new evidence is corroborative or cumulative "... depends on the strength of the other evidence supporting the conviction." Id.

Alleged evidence used for the sole purpose of impeaching credibility fails the third element. Commonwealth v. Randolph, 873 A.2d 1277, 1284 (Pa. 2005).

The allegedly newly discovered evidence derives indirectly from Joshua Griffith, who testified at trial. This alleged evidence is a statement made by Joshua Griffith to Eugene Rainey, who did not testify at trial. Defendant discovered this statement after trial because he allegedly learned about it from Eugene Rainey, in prison, in 2011. The alleged evidence could have been obtained prior to the end of the trial since the source of the alleged evidence was already on the witness list to testify at trial. Because of this, Defendant fails to prove that the first element is met.

Joshua Griffith's testimony revealed that he lied to police when he was first

6

questioned on the stand. While on the stand, Joshua Griffith provided different accounts as to whether he actually heard the shooting. Sgt. Bankert testified that there were no reports by the time of trial that anything else was shot. It is undisputed that Defendant pointed a gun at others and told them to empty their pockets. The evidence which convicted Defendant is strong while the alleged new evidence further shows that Joshua Griffith is not credible. Because of this, the alleged new evidence is corroborative or cumulative of the evidence presented at trial, and therefore, Defendant has failed to meet the second element.

Defendant intends to obtain relief with this alleged newly discovered statement, but provides no other evidence to further show that Joshua Griffith's car was shot. Defendant intends to use this statement to undermine the credibility the police witnesses. Because Defendant is using this statement as solely impeachment purposes, Defendant fails to prove the third element.

The statement is of such nature and character to not likely change the verdict. Even if the statement is accepted at face value that the co-Defendant was able to shoot in the direction of Defendant, it does not show a preponderance of evidence that Defendant was shooting in self-defense. Therefore, Defendant fails to prove the fourth element.

Because Defendant failed to prove all of the conjunctive elements, Defendant, thus is unable to secure PCRA relief on the basis of after-discovered evidence.

7

## II. Ineffective Assistance of Counsel

Defendant's 5 remaining PCRA claims arise under ineffective assistance of counsel as a violation to his right to counsel. The standard for deciding ineffective assistance of counsel is as follows:

> Counsel will be found to be ineffective where (1) there is arguable merit to the underlying claim; (2) the course chosen by counsel does not have a reasonable strategic basis designed to advance the defendant's interests; and (3) the error of counsel prejudiced the petitioner, i.e., there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. Counsel will not be deemed ineffective for failing to raise a baseless claim.

Commonwealth v. Henke, 851 A.2d 185, 187 (Pa. Super. 2004) (internal citations omitted).

Counsel's chosen strategy lacks a reasonable basis only if an appellant proves that "'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" Commonwealth v. Spotz, 18 A.3d 244, 260 (Pa. 2011). (citation omitted). To establish the third prong, an appellant must show "that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." Id.

The petitioner "bears the burden of proving counsel's ineffectiveness." Commonwealth v. Childs, No. 928 WDA 2015, 2016 WL 2845073, at *3 (Pa. Super. 2016). The weight of the evidence "is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

8

Defendant's first claim is that Attorney Boyle did not object to the absence of the single charge of robbery.

Under the first prong of the standard for ineffective assistance of counsel, there is no arguable merit to Defendant's claim. Defendant argues that if there was a single charge of robbery in the jury instructions, the verdict may have arrived more favorably toward Defendant. Attorney Boyle testified that he did not want focus to be on the robbery aspect in order to avoid a conviction for 2nd degree murder, which Defendant was found not guilty. Defendant fails in meeting his burden for the first prong.

Under the second prong, Attorney Boyle did not have a greater alternative option in his defense strategy. Objecting to the jury instructions for a single charge of robbery would not have had potential for success substantially greater than not objecting. Therefore, Defendant fails in meeting his burden for the second prong.

Under the third prong, there is reasonable probability that the outcome would have been worse for Defendant if Attorney Boyle did object. Defendant managed to evade 2nd Degree Murder with Attorney Boyle's strategy. Therefore, Defendant fails in meeting all 3 prongs, and thus, this first claim is unsubstantiated.

Defendant's second claim is that Attorney Boyle failed to sequester the Commonwealth's witnesses during the trial. No evidence was submitted and no testimony was heard on this claim at the PCRA hearing. Thus, this second claim is unsubstantiated.

9

Defendant's third claim is that Attorney Boyle failed to investigate witnesses.

Under the first prong, there is no arguable merit to Defendant's claim. Defendant argues that Attorney Boyle failed to specifically investigate Joseph Griffith, as well as commonwealth witnesses, and other potential witnesses. Defendant conceded that Attorney Boyle did subpoena Joseph Griffith to testify. Attorney Boyle stated that the Commonwealth brought out the necessary criminal backgrounds of their own witnesses on trial. Furthermore, Attorney Boyle testified that his investigator found no other potential witnesses. Defendant argues that Attorney Boyle did not discover Eugene Rainey, but as stated above, the value of Rainey's evidence comes from Joshua Griffith, who did testify at trial. Therefore, Defendant fails in meeting his burden for the first prong.

Under the second prong, Attorney Boyle was not faced with any alternative options. Attorney Boyle subpoenaed Joseph Griffith, who still didn't testify. The Commonwealth brought out the criminal history of their witnesses on direct. Attorney Boyle's investigator turned up nothing more than what Defendant is now able to show. Without any alternative options, there was no greater potential for substantially greater success. Therefore, Defendant fails the second prong.

Under the third prong, there is no reasonable probability that the outcome would have been different if Attorney Boyle changed his tactics. Because Attorney Boyle was left out other reasonable options, Defendant fails the third prong. Thus, Defendant's third claim is unsubstantiated.

10

Defendant's fourth claim is that Attorney Boyle failed to request a jury instruction for demonstrative exhibit of a semi-automatic handgun.

Under the first prong, there is no arguable merit to Defendant's claim. Defendant argues that the jury could have believed that the firearm shown at trial was the weapon used at the shooting. Attorney Boyle testified that the handgun was brought out for a demonstration on how semi-automatic handguns function, and that that purpose was made clear to the jury. Therefore, Defendant fails in meeting his burden for the first prong.

Under the second prong, Attorney Boyle chose not to ask for an instruction reminding the jury of the demonstrative purpose of the handgun. The failure to do so did not yield potential for success substantially greater than had Attorney Boyle asked for another instruction to specifically address what was already made clear to the jury. Therefore, Defendant fails to prove his burden as to the second prong.

Under the third prong, there is no reasonable probability that the outcome would have been different if Attorney Boyle asked the court for a specific jury instruction about the purpose of that handgun. As stated above, Attorney Boyle testified that the jury was made clear that the handgun was for a demonstration. Therefore, Defendant fails in meeting all 3 prongs, and thus, this fourth claim is unsubstantiated.

11

Defendant's final claim is that Attorney Boyle failed to request a jury instruction limiting the jury to consider each defendant's evidence separately.

Under the first prong, there is no arguable merit to Defendant's claim. Defendant argues that the jury needed to hear an additional instruction to consider evidence against Defendant separately from co-Defendant. The jury instructions did instruct to separate considerations of Defendant and co-Defendant. Attorney Boyle testified that it was clear to the jury that Defendant was pitted in trial against co-Defendant as well as the Commonwealth. Therefore, Defendant does not meet the first prong.

Under the second prong, Attorney Boyle chose not to ask for an instruction to further remind the jury to separate their considerations of Defendant and co-Defendant. The failure to do so did not yield potential for success substantially greater than had Attorney Boyle asked for another instruction. Therefore, Defendant does not meet the second prong.

Under the third prong, there is no reasonable probability that the outcome would have been different if Attorney Boyle asked the court for another jury instruction. Therefore, Defendant does not meet the third prong and this fifth claim is unsubstantiated.

Thus, Attorney Boyle made no error that rose to the level of ineffective assistance of counsel and that there was no violation of Defendant's right to counsel.

## Conclusion

Based upon the reasons stated above, the Court **DENIES** Defendant's motion for

Post-Conviction Relief.

**BY THE COURT,**

DATED: February _____, 2018

**MICHAEL E. BORTNER, JUDGE**

13