**[J-17-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 28 EAP 2021 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | 2/16/2021 at No. 2187 EDA 2018 |
| v. | : | affirming the Order entered on |
| | : | 7/16/2018 in the Court of Common |
| | : | Pleas, Criminal Division, |
| GERALD DRUMMOND, | : | Philadelphia County at No. CP-51- |
| | : | CR-0015491-2008. |
| Appellant | : | |
| | | SUBMITTED: January 27, 2022 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                               **DECIDED: November 23, 2022**

I concur in the result reached by the Majority in affirming the order of the Superior Court. I respectfully dissent, however, from its determination that Appellant's underlying claim had merit. In my view, the Majority departs from our well-settled standards of review of a trial court's jury instructions to elevate a possible ambiguity into a misstatement of the definition of reasonable doubt.[1] However, lack of clarity is not the same as a misstatement of the standard.

> When evaluating jury instructions, the charge must be read as
> a whole to determine whether it was fair or prejudicial. The
> trial court has broad discretion in phrasing it's instructions, and

---

[1] While I do not endorse the trial court's use of the medical choice hypothetical to illustrate the concept of "beyond a reasonable doubt," I do so because it is ambiguous as to how it relates to the role of the jury. It does not clearly or obviously reflect where the burden of proof lies or how the presumption of innocence pertains. However, it does not misstate the definition of reasonable doubt, or instruct the jury to rely on subjective or emotional reactions as contended by the Majority.

may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Prosdocimo*, 578 A.2d 1273, 1274 (Pa. 1990).

Analysis must focus initially on the specific language challenged, but the inquiry does not end there. If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole. Other instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption.

*Francis v. Franklin*, 471 U.S. 307, 315 (1985). Furthermore, for any ambiguity in an instruction "must we inquire 'whether there is a **reasonable likelihood** that the jury **has** applied the challenged instruction in a way' that violates the Constitution." *Estelle*, 502 U.S. at 482 (quoting *Boyde*, 494 U.S. at 380) (emphasis added).

The Majority recites this standard but fails to faithfully apply it. While admirably emphasizing the central importance the proof beyond a reasonable doubt standard plays in our criminal jurisprudence, the Majority uses this emphasis to resort to surmise and supposition of the way a juror may react to the trial court's medical choice analogy rather than a fair reading of the definitional language the trial court actually used. The chief fault the Majority identifies is that the example instructs the jury to rely on emotional and individualized responses to the instruction.[2] The Majority's reference to *United States v.*

---

[2] The Majority and the Concurrence also find fault with the trial court's example being expressed in terms of a decision to go forward rather than in a hesitancy to act. The Majority, while disapproving, falls short of deeming the charge deficient on this basis. The Concurrence would bar such expression. I find the concerns in this regard overstated. Whether one hesitates to act due to the presence of reasonable doubt or is willing to act due to the absence of reasonable doubt are really just two sides of the same coin. Restricting the broad discretion of the trial courts to fashion proper jury instructions on such artificial distinctions is unwarranted.

*Hernandez*, 176 F.3d 719 (3d Cir. 1999), is inapt in this regard. In that case, the trial court specifically instructed the jury that reasonable doubt is incapable of definition and is a subjective concept, not definable, and that the jurors would find the answer "in your own head and your own soul and your own spirit and your own judgment." *Id.* at 729. The Majority finds "no material difference between telling jurors to rely upon their own hearts, souls, or spirits, and asking them to contemplate saving the life of a "precious one." Maj. Op. at 22. Respectfully, there is a material difference when the former mis-defined reasonable doubt and the latter did not. The Majority in effect puts words into the trial court's instruction that are not there.

The standard instruction speaks of reasonable doubt as "a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, to refrain from acting upon a matter of the highest importance to their own affairs." *See* Pa. SSJI (Crim) 7.01. Medical issues are matters of importance. Matters of importance may to varying degrees involve emotion, but the trial court did not instruct the jurors to rely on or resort to emotional or subjective criteria in evaluating whether the Commonwealth had proven the charges. The Majority acknowledges that a trial is not a "sterile proceeding denuded of all human subjectivity," Maj. Op. at 21, but fails to acknowledge that the trial court's entire instruction, including its medical example, charge that certainty beyond a reasonable doubt is required to convict. The facts of the case, involving as it did the execution-style shooting of the victims, including a teenaged boy who was killed merely because he was a witness, clearly evoke emotional responses, but the Majority does not suggest that where the alleged facts of a case may create emotional reactions, a jury would be incapable of objectively applying the court's instruction. Here the trial court in its example suggested a decision of importance be made only after considering all available information and if in doing so they have "moved beyond all doubt." N.T., 12/17/10, at 21. The balance of the

instruction emphasizes the objective role of the jury and the importance of proof beyond a reasonable doubt. Our long-held premise holds that "[i]t is an 'almost invariable assumption of the law that jurors follow their instructions.'" *Commonwealth. v. McCrae*, 832 A.2d 1026, 1034 (Pa. 2003), *quoting Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987.)

The Majority indulges in the type of speculation our U.S. Supreme Court rejected in *Estelle v. McGuire*, 502 U.S. 62 (1991).

> We acknowledge that language in the later cases of *Cage* [ ] and *Yates v. Evatt,* 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991), might be read as endorsing a different standard of review for jury instructions. [*See*] *Cage* [ ] 111 S.Ct. at 329 (**"In construing the instruction, we consider how reasonable jurors could have understood the charge as a whole"**); *Yates,*[ ] 111 S.Ct. at 1892 ("We think a reasonable juror would have understood the [instruction] to mean ..."). In *Boyde,* however, we made it a point to settle on a single standard of review for jury instructions—the "**reasonable likelihood**" standard—after considering the many different phrasings that had previously been used by this Court. [ ] 110 S.Ct. at 1197–1198 (considering and rejecting standards that required examination of either what a reasonable juror "could" have done or "would" have done). So that we may once again speak with one voice on this issue, we now disapprove the standard of review language in *Cage* and *Yates,* and reaffirm the standard set out in *Boyde.*

*Id.* at 72 n.4 (emphasis added). Because the Majority speculates a juror could have ignored the court's instruction due to the purported emotional nature of the example, the charge is irretrievably tainted. This is not the standard, and the Majority's surmises are not justified by the actual language of the trial court's complete instruction.

While I deem the lack of merit behind Appellant's claim to be sufficient basis to affirm the Superior Court, I agree that Appellant failed to prove trial counsel lacked a reasonable basis for his actions relative to the jury instructions. Accordingly, I concur with the result reached by the Majority.